<div style="border:1px solid">

**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 20, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1112

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 48-2 |
| TRACY REDMOND,<br>*Defendant-Appellant*. | Matthew F. Kennelly,<br>*Judge*. |

**O R D E R**

Tracy Redmond, a federal inmate with Type 2 diabetes and obesity, sought compassionate release because of his risk of severe complications if he contracted COVID-19. The district court acknowledged the severity of Redmond's conditions in light of the pandemic but concluded that the sentencing factors under 18 U.S.C.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3553(a) weighed against his release. Because the court did not abuse its discretion in denying the motion, we affirm.

A jury found Redmond guilty in 2006 of committing and conspiring to commit a robbery of an armored car, 18 U.S.C. §§ 1951, 1952, and using a firearm during a robbery, *id.* § 924(c). He received a 256-month sentence, and we affirmed the conviction and sentence on appeal. *United States v. Watson*, 525 F.3d 583 (7th Cir. 2008). Redmond's projected release date is September 24, 2023.

In June 2020, Redmond moved for compassionate release under 18 U.S.C. § 3582(c)(1)(a)(i). He asserted that he had already tested positive for COVID-19 in April 2020 and that, as an inmate with Type 2 diabetes, he faces a high risk of severe complications or death if he contracts COVID-19 again. He also argued that the court should grant him early release because he had served over 80% of his sentence, earned his GED while incarcerated, has no prison disciplinary record for violence, and has a home and job lined up upon release. A reply filed by counsel noted that Redmond is also obese and cited studies suggesting that Redmond still had a chance of reinfection even though he had already contracted and recovered from COVID-19.

The district court denied the motion. It determined that Redmond's obesity and Type 2 diabetes were extraordinary and compelling circumstances in light of the COVID-19 pandemic and acknowledged that, even though Redmond had recovered from the virus once, reinfection was possible. But it concluded that the § 3553(a) factors counseled against Redmond's early release. The court explained that Redmond's offense was "unusually serious"; he conspired with a bank teller to carry out an armed robbery of an armored car, during which he held a gun to a guard's neck, grabbed a bag containing over $400,000 in cash, and shot the guard three times at point-blank range (the guard, thankfully, survived). The court also noted that, a few weeks before this robbery, Redmond had used information from the bank teller to rob an elderly bank customer, and he also had several previous felony convictions for firearm possession, drug offenses, and a burglary. The court acknowledged Redmond's good behavior while in prison and his plan for reentry but determined that his extensive criminal history and the violent nature of this offense, see § 3553(a)(1), the ongoing need to protect the community, see § 3553(a)(2)(C), and the need to provide just punishment, see § 3553(a)(2)(A), all weighed against his early release.

On appeal, Redmond first argues that the district court erred by considering what he describes as "factually false and prejudicial" information. He objects to the

court's description of the robbery of the elderly bank customer, with which Redmond was never charged. But "[a] district court may rely on factual information supplied by a presentence report so long as it bears sufficient indicia of reliability to support its probable accuracy." *United States v. Salinas*, 365 F.3d 582, 587–88 (7th Cir. 2004). And here, the PSR details a recorded conversation between the bank teller and a confidential informant that implicated Redmond in the robbery of the customer. So even though Redmond was not prosecuted for that conduct, the court did not err by relying on it when considering his history and characteristics.

Redmond also argues that he should be released because at least eight inmates in his facility have died from COVID-19, and he should not be subjected to this serious risk of illness or death so close to his release date. The district court acknowledged the danger posed by the virus given Redmond's preexisting health conditions. But it did not abuse its discretion by determining that the § 3553(a) factors—particularly the calculated and violent nature of Redmond's offense and his long criminal history—still weighed against an early release. See *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

AFFIRMED